COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-325-CR
 
URAL EDWARD WILSON                                                            APPELLANT
V.
THE STATE OF TEXAS                                                              
 STATE
------------
FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
I. Introduction
A jury convicted Appellant Ural
Edward Wilson of assault bodily injury of a family member or household member.
In two points, he alleges that the trial court erred by admitting hearsay
testimony and that the evidence is insufficient to support his conviction. We
affirm.
II. Factual
Background
On August 13, 2001, Patricia
Medlin, the complainant, returned home from her job at Red Lobster. At the time,
she was living with Wilson, who was her fiancé, Wilson's mother, and Wilson's
son, Justin. Medlin sat down and began watching a movie. Wilson interrupted the
movie, complaining because Medlin had driven the truck to work instead of the
car. The argument escalated, and Medlin went to her room to call a friend.
When Medlin returned, Wilson
continued to argue with her. Medlin then decided to call her son to tell him
that she was moving out because the situation was "just getting too
volatile." As Medlin rummaged through her purse to find her son's phone
number, Wilson said, "[S]ince you want to leave I got something you can
take with you." He then hit Medlin numerous times with his fist. When
Wilson saw the blood on Medlin's face, he stopped hitting her. He threw her a
towel and told her to go to the bathroom and clean up. After Medlin washed her
face, Wilson took her to a room he referred to as the "pastor's study"
and lectured her about the unreasonableness of her behavior.
Medlin eventually snuck out of the
house and went to her daughter's home across town. An unidentified person called
the police. Medlin awoke when the police arrived at her daughter's house to
investigate the assault.
Officer Wade Walls responded to the
domestic disturbance call that night and found Medlin, who appeared to have been
assaulted. She had extremely swollen lips, her left eye was almost swollen shut,
and it seemed like her teeth were loose because he had a difficult time
understanding her speech. Medlin described the assault to Officer Walls,
including the fact that it had occurred at a different location. Officer Walls,
however, did not immediately arrest Wilson because his first concern was getting
Medlin medical attention. Officer Walls admitted that he did not go investigate
at the home where the assault allegedly occurred or talk to anyone else who
might have witnessed it.
Wilson testified in his own defense
and claimed that Medlin came home from work, woke him up, and started yelling at
him for not picking up a U-Haul trailer. To avoid an argument, he pushed her out
of the room, locked it, and then started praying. Wilson eventually went to talk
to Medlin, but she started screaming and brandished an ice pick. Wilson
testified that "she drew it back and came at me with it," but he also
testified that he never told these facts to the police. Wilson admitted that
Medlin had a scratch on her cheek and a bruise on her eye. He said these
injuries occurred when Medlin came at him with the ice pick and he hit her with
the back of his hand.
Wilson received a self-defense
instruction in the jury charge; however, the jury rejected his self-defense
theory and found him guilty of assault bodily injury to a family member or
household member. The court set punishment at three hundred days' confinement.
III. Hearsay
Testimony
In his first point, Wilson
complains that the trial court erred by admitting hearsay testimony of Officer
Walls, who was the first officer to speak with Medlin. The State responds that
Wilson has failed to preserve this complaint for our review because he did not
timely object to Officer Walls's testimony.
To preserve a complaint for our
review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or motion.
Tex. R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex.
Crim. App. 1998) (op. on reh'g), cert. denied, 526 U.S. 1070 (1999).
Further, the trial court must have ruled on the request, objection, or motion,
expressly or implicitly, or refused to rule, and the complaining party must have
objected to the refusal. Tex. R. App. P. 33.1(a)(2); Taylor v. State,
939 S.W.2d 148, 155 (Tex. Crim. App. 1996).
Here, Wilson failed to make a
hearsay objection when Officer Walls began testifying about the contents of
Medlin's statements to him. No hearsay objections were lodged when Officer Walls
testified about Medlin's version of the assault. Thus, Wilson has failed to
preserve this hearsay complaint for our review. See Tex. R. App. P.
33.1(a)(1); Mosley, 983 S.W.2d at 265. Wilson's first point is
overruled.
IV. Sufficiency of
the Evidence
In his second point, Wilson argues
that the evidence is legally insufficient to support his conviction.(2)
He specifically alleges that the State failed to prove that he intentionally or
knowingly caused bodily injury to Medlin. The State responds that the evidence
is legally sufficient to support Wilson's conviction.
In reviewing the legal sufficiency
of the evidence to support a conviction, we view all the evidence in the light
most favorable to the verdict. Cardenas v. State, 30 S.W.3d 384, 389-90
(Tex. Crim. App. 2000); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.
Crim. App. 1992), cert. denied, 507 U.S. 975 (1993). The critical
inquiry is whether, after so viewing the evidence, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt
and also would have found against appellant on the issue of self defense beyond
a reasonable doubt. McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim.
App.), cert. denied, 522 U.S. 844 (1997); Adelman v. State,
828 S.W.2d 418, 421 (Tex. Crim. App. 1992). This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781,
2789 (1979).
In determining the legal
sufficiency of the evidence to show appellant's intent, and faced with a record
that supports conflicting inferences, we "must presume -- even if it does
not affirmatively appear in the record -- that the trier of fact resolved any
such conflict in favor of the prosecution, and must defer to that
resolution." Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App.
1991).
After reviewing the record
according to the above standard, we conclude that the evidence is legally
sufficient to support Wilson's conviction. Medlin testified that Wilson got more
upset when she said she was leaving, and he told her, "[S]ince you want to
leave I got something you can take with you." Both Medlin and Officer Walls
described the severity of the assault, which ended only after Medlin's face was
covered in blood. Furthermore, although Wilson testified that Medlin attempted
to stab him with an ice pick, Wilson never reported that version of the events
to the police and Medlin testified that no ice pick was involved in the
altercation. The jury was free to believe or disbelieve the evidence presented
and could have reasonably concluded that Wilson assaulted Medlin and that the
State disproved Wilson's claim of self defense. Thus, the evidence is legally
sufficient to support Wilson's conviction. Wilson's second point is overruled.
V. Conclusion
Having overruled both of Wilson's
points, we affirm the trial court's judgment.
 
                                                           PER
CURIAM
 
PANEL F: WALKER, LIVINGSTON, and
DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 15, 2003

1. See Tex. R. App. P. 47.4.
2. A factual sufficiency of the evidence challenge is
"properly raised" if it is specified in a separate point; thus, a
point raising only "sufficiency" and citing only Jackson is a
legal sufficiency point. Clewis v. State, 922 S.W.2d 126, 133 (Tex.
Crim. App. 1996); Davila v. State, 930 S.W.2d 641, 648 (Tex. App.--El
Paso 1996, pet. ref'd).